IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF VIRGINIA



FILED
JAN 2 8 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| REEBALS, INC.<br>211 Roxbury Industrial Center<br>Charles City, VA 23030<br><br>                               Plaintiff,<br>v.<br><br>UTILITY SERVICES CORP., INC.<br>535 Courtney Hodges Boulevard<br>Perry, GA 31069-3207<br><br>SERVE: National Registered Agents, Inc.<br>            4001 North Ninth St.<br>            Arlington, VA 22203<br><br>                               Defendant. | CIVIL ACTION NO.:<br>3:13CV053<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Reebals, Inc., by and through its attorneys, files this Complaint against Defendant Utility Services Corp., Inc, and avers as follows:

### PARTIES

1. Plaintiff Reebals, Inc. (hereinafter "Reebals") is a corporation duly organized and existing under the laws of the Commonwealth of Virginia with a principal place of business at 211 Roxbury Industrial Center, Charles City, VA, and at all times relevant hereto was in the business of, *inter alia*, crane rentals, leasing and service.

2. Defendant Utility Services Corp., Inc (hereinafter "USCI") is a corporation duly organized and existing under the laws of the state of North Carolina with a principal place of business located at 535 Courtney Hodges Boulevard, Perry, GA. USCI is registered to do business in the Commonwealth of VA and its Registered Agent for service in Virginia is National Registered Agents, Inc.

## JURISDICTION AND VENUE

3. There is complete diversity of citizenship between the parties.

4. The amount in controversy exceeds, exclusive of costs and interest, the sum set forth in 28 U.S.C. § 1332.

5. Jurisdiction is vested with this Court under 28 U.S.C. § 1332.

6. Pursuant to 28 U.S.C. § 1391, venue is proper within the United States District Court for the Eastern District of Virginia because that is the judicial district within which the events giving rise to plaintiff's claims occurred.

## FACTS

7. Pursuant to an oral contract, on or about April 9, 2011 Reebals provided a crane and an operator to USCI for purposes of pulling dents from a water tower in Blackstone, VA.

8. Under the aforesaid oral contract, USCI provided and attached the rigging and provided the signalman and directed the lift.

9. On or about April 9, 2011, after the Reebals crane was set up and after USCI had provided and attached the rigging, consisting of a wire rope sling and a shackle, USCI attached the shackle to the lifting lug that USCI had fabricated and welded onto the water tower. The USCI signalman directed the crane operator to hoist up.

10. The crane operator slowly hoisted up and the dent popped out.

11. Thereafter, upon receiving further direction from the USCI signalman the crane operator hoisted down and the USCI rigger unhooked the crane from the first lug and then attached the crane to a second lug to pull out the dent.

12. The USCI signalman directed the crane operator to hoist up to pull out the dent. When the crane operator hoisted up and approached the crane's limit, the crane operator stopped hoisting and radioed the USCI signalman to advise that he would not pull anymore.

13. After the crane operator stopped pulling, the shackle let loose causing the ball and choker to fly overhead, the crane to shake, and the boom to backlash and suddenly and violently retract, shearing off the pins.

14. As a direct and proximate result of the shackle breaking loose, Reebals, Inc. suffered direct physical damage to the crane and was caused to lose income in an amount in excess of $75,000.

## COUNT I BREACH OF CONTRACT

15. Paragraphs 1 through 14 are incorporated by reference herein as though fully set forth at length.

16. Plaintiff Reebals and defendant USCI orally agreed for good and valuable consideration that plaintiff Reebals would supply the crane and operator to pull dents from the water tower in Blackstone, VA and that defendant USCI would supply the rigging consisting of a wire rope sling and an appropriately sized shackle; attach the rigging; and provide a signalman to direct the lift.

17. Defendant USCI had a duty to perform its work under the contract in a workmanlike manner with a degree of skill equal to the undertaking.

18. Plaintiff Reebals performed its duties under the oral contract.

19. Defendant USCI breached its duties under the oral contract in one or more ways as follows:

    (a)    failing to provide trained, skilled and knowledgeable workmen to complete the work in a safe manner;

    (b)    failing to provide a proper shackle for the job;

    (c)    failing to inspect the shackle to ensure that it was properly sized for the job and that it was in a non-defective condition;

    (d)    failing to properly connect the shackle; and

    (e)    otherwise failing to perform its work under the contract in a workmanlike manner with a degree of skill equal to the undertaking.

20. As a direct and proximate result of the breach of contract by defendant Utility Service Co., Inc., plaintiff Reebals, Inc. suffered damage to its personal business property and to its business, including loss of business income.

WHEREFORE, Plaintiff, Reebals, Inc. demands judgment against defendant Utility Service Co., Inc. in an amount in excess of $75,000 with interest, delay damages, interest, reasonable attorneys' fees, costs of this action, and such other relief as this Court may deem just and proper under the circumstances.

## COUNT II NEGLIGENCE

21. Paragraphs 1 through 19 are incorporated by reference herein as though fully set forth at length.

22. At all times relevant hereto, defendant USCI owed the plaintiff a common law duty to conduct itself in a reasonable manner, free from negligence, so as to avoid an unreasonable risk of harm to Reebals' property, including exercising reasonable care in supplying a shackle that was appropriate for the job being performed, properly performing the rigging so as to avoid creating an unreasonable and foreseeable risk of harm to the plaintiff's property and business, and avoiding causing a catastrophe that had a high likelihood of causing damage to the plaintiff's property and business.

23. Defendant USCI, acting by and through its agents, servants, and/or employees, breached its common law duty of care as follows:

(a) failing to supply proper rigging for the job;

(b) failing to supply a proper and adequately sized shackle for the job;

(d) failing to exercise reasonable care for the property of plaintiff;

(e) negligently attaching an improper shackle;

(f) negligently performing rigging; and

(g) negligently directing the lift with an improper rigging and shackle.

24  As a direct and proximate result of the negligence of defendant Utility Services Co., Inc., plaintiff Reebals, Inc. suffered damage to its personal business property and to its business, including loss of business income.

WHEREFORE, Plaintiff Reebals, Inc. demands judgment against defendant Utility Service Co., Inc. in an amount in excess of $75,000, with interest, delay damages, reasonable attorneys' fees, costs of this action, and such other relief as this Court may deem just and proper under the circumstances.

TRIAL BY JURY IS DEMANDED.

**REEBALS, INC.**

By Counsel

/s/

Stanley P. Wellman
VSB No. 27618
Lester C. Brock, III
VSB No. 67984
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
swellman@hccw.com
lbrock@hccw.com

*Attorneys for Reebals, Inc.*